IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kristen Anderson, | ) | Case No.: 4:25-cv-11166-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Housing Authority of Florence South | ) | |
| Carolina; Florence County Sheriff's | ) | |
| Office; Florence County Police; | ) | |
| S.C.D.S.S.; and HUD, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 31.) The Report recommends that Plaintiff Kristen Anderson's Amended Complaint be summarily dismissed because, even liberally construed, it fails to allege facts sufficient to state a plausible claim for relief.

A.    **Background**

Plaintiff Kristen Anderson ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action against Defendants Housing Authority of Florence, Florence County Sheriff's Office, Florence County Police, S.C.D.S.S., and HUD.

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Plaintiff's original Complaint appeared to arise from disputes involving housing, eviction, and related issues, and Plaintiff alleged generally that her disability rights had been violated. The Court referred this matter to the Magistrate Judge for initial review pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2).

On August 22, 2025, the Magistrate Judge entered a Proper Form Order directing Plaintiff to bring the case into proper form, including by describing with specificity how each Defendant personally harmed her and by completing the documents necessary for service. (DE 12.) Plaintiff was warned that failure to provide the necessary information could subject the case to dismissal. Plaintiff did not file a proper response to that order. Although Plaintiff sent emails to the Court between August 30 and September 1, 2025, the Magistrate Judge advised Plaintiff that the Court does not accept filings by email from *pro se* litigants and that those emails would not be considered. (DE 16.)

On October 27, 2025, the Magistrate Judge issued a Report and Recommendation recommending dismissal without prejudice under Federal Rule of Civil Procedure 41(b) based on Plaintiff's failure to comply with the Proper Form Order and failure to prosecute. (DE 20.) Plaintiff later filed objections to that Report and also filed an Amended Complaint. (DE 23; DE 24.) In light of those filings, the Court recommitted the matter to the Magistrate Judge for further proceedings. (DE 26.)

In her Amended Complaint, Plaintiff names HUD, the Housing Authority of Florence, the Florence County Sheriff's Office, and S.C.D.S.S. as Defendants. (DE 24.)

Plaintiff invokes federal-question jurisdiction and lists the Fair Housing Act, "NAWA economic abuse," technological abuse, child abduction, stolen COVID funds, and retaliation as the asserted bases for jurisdiction. In the section addressing the amount in controversy, Plaintiff writes: "towed vehicle, illegal eviction, stole SUV pain and suffering." (DE 24 at 5.) However, Plaintiff leaves the statement-of-claim section blank and does not state what relief she seeks. (DE 24.)

## B.    Report and Recommendation

On April 3, 2026, after reviewing Plaintiff's Amended Complaint, the Magistrate Judge issued the Report presently before the Court. (DE 31.) The Report explains that Plaintiff filed this action *in forma pauperis* and that the Court, therefore, must screen the pleading under 28 U.S.C. § 1915(e)(2)(B), which permits dismissal of an action that is frivolous, malicious, or fails to state a claim upon which relief may be granted.

The Magistrate Judge recognized the less stringent standard applicable to *pro se* pleadings but concluded that Plaintiff's Amended Complaint still fails to state a plausible claim. Specifically, the Report found that Plaintiff lists several legal theories and grievances but does not allege facts explaining what each Defendant did, how any Defendant violated her rights, when the alleged conduct occurred, or what relief she seeks. Because the Amended Complaint contains no factual allegations sufficient to support a plausible claim against any Defendant, the Magistrate Judge recommends summary dismissal of the Amended Complaint.

3

## C.     Legal Standard

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

In the absence of specific objections, the Court need not conduct a de novo review and must only satisfy itself that there is no clear error on the face of the record before adopting the recommendation. *Id.*; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## D.     Absence of Objections

No objections have been filed. In the absence of objections, the Court need not conduct de novo review and must only satisfy itself that there is no clear error on the face of the record. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). After reviewing the Report, the record, and the applicable law, the Court finds no clear error.

4

**E.    Conclusion**

Accordingly, after careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court finds no clear error and adopts the Report (DE 31) in its entirety and incorporates it herein by reference.

It is, therefore, **ORDERED** that Plaintiff's Amended Complaint is summarily **DISMISSED** without prejudice.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 12, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.